**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division**

JAEON CHAVIS,

        Plaintiff,

v.                                                CASE NO. 1:25cv14

VIRGINIA DEPARTMENT OF CORRECTIONS, *et al.*,

        Defendants.

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Virginia Department of

Corrections ("VDOC") states as follows in support of its motion to dismiss:

### PLAINTIFF'S CLAIMS

Plaintiff Jaeon Chavis, a Virginia inmate, by counsel, has filed suit under 42 U.S.C. §1983

and Virginia tort law against five named individuals, four John Doe Defendants, and the Virginia

Department of Corrections ("VDOC"). Plaintiff purports to assert the following claims:

    I.      Excessive Force in violation of the Eighth Amendment claim, under 42 U.S.C. § 1983, against Defendant Officers Murray, Yates, Holland, Cornette, and Stumpf, and Defendants Doe Officers 1, 2, 3, and 4, in their individual and official capacities;

    II.     State law claims for assault against VDOC, Defendant Officers Murray, Yates, Holland, Cornette, and Stumpf, and Defendants Doe Officers 1, 2, 3, and 4, in their individual and official capacities;

    III.    State law claims for battery against VDOC, Defendant Officers Murray, Yates, Holland, Cornette, and Stumpf, and Defendants Doe Officers 1, 2, 3, and 4, in their individual and official capacities;

    IV.    State law claims for willful and wanton negligence against VDOC, Defendant Officers Murray, Yates, Holland, Cornette, and Stumpf, and Defendants Doe Officers 1, 2, 3, and 4, in their individual and official capacities;

V.      State law claims for intentional infliction of emotional distress against VDOC, Defendant Officers Murray, Yates, Holland, Cornette, and Stumpf, and Defendants Doe Officers 1, 2, 3, and 4, in their individual and official capacities;

VI.     Retaliation in violation of the First Amendment, under 42 U.S.C. § 1983, against Defendant Officer Yates, in his individual and official capacity.

VDOC moves to dismiss all claims against it (Claims II-V). Because sovereign immunity bars the claims against VDOC, these claims should be dismissed with prejudice.

## ARGUMENT AND AUTHORITIES

The Eleventh Amendment of the U.S. Constitution "bars suits in federal court against an unconsenting state and any governmental units that are arms of the state." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). "As an arm of the sovereign Commonwealth of Virginia, the VDOC enjoys the same respect and immunity due the Commonwealth." *Bane v. Va. Dep't of Corr.*, 267 F. Supp. 2d 514, 524 (W.D. Va. 2003) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Bane v. Virginia Dep't of Corr.*, 110 F. Supp.2d 469, 471(W.D. Va. 2000)).

Although there are exceptions to Eleventh Amendment immunity, none are relevant here.  The exceptions apply only if either (1) the state has consented to suit, or (2) Congress has abrogated sovereign immunity by (a) expressing is unequivocal intent to do so and (b) acting pursuant to a valid exercise of its prophylactic enforcement power under Section 5 of the Fourteenth Amendment. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000). "The Supreme Court's 'test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one.'" *Carter v. Williams*, Civil Action No. 7:22-cv-00502, 2024 U.S. Dist. LEXIS 56422, at *10 (W.D. Va. Mar. 28, 2024) (quoting *Sossamon v. Texas*, 563 U.S. 277, 284 (2011)). Consent "must be unequivocally expressed in the text of the relevant statute"; waiver cannot be

implied. *Id.* at \*10-11. "In other words, waiver cannot be found unless a provision includes a 'clear declaration by the State . . . that the State in fact consents to suit' in federal court." *Id.* (quoting *Sossamon*, 563 U.S. at 284) (ellipsis in original). The Commonwealth has not consented to suit, and Congress has not abrogated the Commonwealth's or VDOC's immunity from Virginia tort claims. Plaintiff has not and cannot state a claim against VDOC.

Even the limited waiver provided by the Virginia Tort Claims Act ("VTCA") does not apply. As has been recognized, "the Virginia Tort Claims Act only 'waives sovereign immunity for tort claims filed in state courts' and 'does not waive the state's eleventh amendment immunity' in federal court." *Id.* at \*11 (quoting *McDonnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987)) (alteration accepted). Moreover, only the Commonwealth—not its agencies or employees—may be held liable under the VTCA. *See* Code, Code §8.01-195.4; *see also Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242 (2004) (holding that the VTCA's waiver of sovereign immunity is limited to the Commonwealth and certain transportation agencies); *see also Bane v. Va. Dep't of Corrections*, 267 F. Supp. 2d 514, 524 (W.D. Va. 2003) (holding that VDOC enjoyed sovereign immunity); *Carter v. Ely*, No. 7:20cv00713, 2022 U.S. Dist. LEXIS 45721 at \*14 (W.D. Va. Mar. 15, 2022) (holding, "absent waiver or abrogation of sovereign immunity, any claims against Wallens Ridge 'are barred regardless of the relief sought'") (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).

Plaintiff has not established a waiver of VDOC's Eleventh Amendment immunity. The Commonwealth has not consented to suit against VDOC, and Congress has not abrogated VDOC's immunity from Virginia tort claims. Therefore, all claims against VDOC should be dismissed with prejudice.

CONCLUSION

For these reasons, the claims against the Virginia Department of Corrections should be dismissed with prejudice.

Respectfully submitted,

Virginia Department of Corrections

By: /s/ Cristina E. Agee
Cristina E. Agee, AAG, #89367
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-807-1807
E -mail:  cagee@oag.state.va.us
*(Counsel for Defendant Virginia Department of Corrections)*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July, 2025, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to the following: all counsel of record.

By: s/ Cristina E. Agee
Cristina E. Agee, AAG, VSB #89367
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 807-1807
Email: cagee@oag.state.va.us