# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Abingdon Division

JAEON CHAVIS,

    Plaintiff,

v.                                                          CASE NO. 1:25cv14

MURRAY, *et al.*,

    Defendants.

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's notice entered on August 25, 2025 (Dkt 58), counsel for Plaintiff, Jaeon Chavis, and counsel for Defendants Jordan Murray, Alfred Yates, Dustin W. Holland, Tanner Stumpf, Rick White, and Matthew Bernocco conferred on September 5, 2025. The parties, through counsel, provide the following report and discovery plan:

**A. Plaintiff's Claims**

- Excessive force in violation of the Eighth Amendment against Defendant Officers Murray, Yates, Holland, Cornette, and Stumpf in their individual and official capacities, and Defendants White and Bernocco in their individual capacities;

- Civil assault against Defendant Officers Murray, Yates, Holland, Cornette and Stumpf in their individual and official capacities;

- Civil battery against Defendant Officers Murray, Yates, Holland, Cornette, and Stumpf in their individual and official capacities;

- Willful and wanton negligence against Defendant Officers Murray, Yates, Holland, Cornette, and Stumpf in their individual and official capacities;

- Intentional infliction of emotional distress against Defendant Officers Murray, Yates, Holland, Cornette, and Stumpf in their individual and official capacities;
- Retaliation in violation of the First Amendment against Defendant Officer Yates in his individual and official capacity.

**B. Defendants' Defenses**

- Under the Eleventh Amendment and upon the discharge of their official duties, Defendants are immune from suit.
- Qualified immunity bars the claims against Defendants.
- To the extent that Plaintiff has suffered any injury or damages, such injuries or damages were due to an act or omission by Plaintiff.
- Any harm, damages, or injuries incurred by Plaintiff are the result of superseding, intervening causes, themselves sufficient to break any chain of causation.
- To the extent Plaintiff can make no showing of any physical injury accompanying or preceding any alleged emotional or mental injuries, his claim for monetary damages is barred under 42 U.S.C. § 1997e(e).
- Plaintiff is not entitled to money damages for claims brought against Defendants in their official capacities.
- Plaintiff failed to mitigate damages.
- Plaintiff failed to exhaust his administrative remedies, and, therefore, his action is barred, in whole or in part, under 42 U.S.C. §1997e(a).
- Plaintiff's requests for equitable relief are barred by the doctrine of unclean hands. Defendants anticipate seeking to amend this defense upon further investigation and discovery.

- Each Defendant can be held liable only for his or her own conduct.

**C. Expected Length of Trial**

- The expected length of trial: 8 days

- Suggested trial start dates: December 1, 2026, April 5th, 2027, or May 3rd, 2027

**D. Discovery Timeline**

- Initial disclosures: Under Rule 26(a)(1), initial disclosures shall be exchanged on or before September 25, 2025. At this time, the parties do not see any other need to make changes to the form or requirement for disclosures under Rule 26(a).

- Plaintiff's expert witness disclosures: 132 days prior to trial

- Defendants' expert witness disclosures: 118 days prior to trial

- Plaintiff's rebuttal expert witness disclosures: 104 days prior to trial

- Discovery cut-off: 90 days prior to trial

- Rule 56 and FRE 702 Motions: 60 days prior to trial

All other deadlines are those in Judge Sargent's form Scheduling Order. Parties agree to make their respective expert witnesses available for depositions during the four weeks following Plaintiff's expert witness disclosures.

**E. Scope of Discovery**

Discovery shall be completed in accordance with the schedule proposed above. The parties have not yet determined whether discovery should be conducted in phases. The parties anticipate discovery on, but not limited to, the following topics:

1) The incident involving Plaintiff on July 23, 2023.

2) Plaintiff's pre-existing conditions, if any.

3) Plaintiff's injuries and medical care following the incident on July 23, 2023.

4) Plaintiff's mental or emotional distress.

5) Plaintiff's damages.

6) Plaintiff's complaints, grievances, or other documents related to the incident on July 23, 2023.

7) Plaintiff's disciplinary charges stemming from conduct on or after July 23, 2023.

8) VADOC's policies and protocols implicated by the incident involving Plaintiff on July 23, 2023.

9) Complaints, grievances, incident reports, and/or other documents involving Defendant Officers prior to the incident on July 23, 2023.

**F. Disclosure, Discovery, and Preservation of Electronically Stored Information ("ESI")**

The parties anticipate the need for discovery of electronically stored information ("ESI") and agree to exchange ESI via electronic files in PDF format, where technologically feasible, or in some other reasonably usable form as agreed by the parties. The parties will continue to confer about the scope of ESI and any searches for responsive ESI as discovery progresses.

**G. Claims of Privilege or Protection**

The parties are in the process of finalizing a Stipulated Protective Order.

**H. Limitations on Discovery by Federal and Local Rules**

The parties agree that any notice or subpoena directed to an organization pursuant to Rule 30(b)(6) must be served at least 45 days before the date set for the deposition.

**I. Court Orders Under Rule 26(c) or Rule 16(b) and (c)**

The parties anticipate that Defendants will move for permission, under Rule 26(a)(2), to depose Plaintiff, who is confined in prison. Plaintiff does not oppose having his deposition taken. Defense counsel will agree to assist Plaintiff's counsel in obtaining permission to be

present in-person at his deposition.

**J. Possibility of Mediation and Settlement**

The parties are open to the possibility of mediation. The parties will consult the Magistrate Judge to schedule mediation in the event it becomes appropriate. The parties will continue to evaluate the possibility of settlement as discovery progresses.


Respectfully submitted by,


| s/ Aderson Francois | 09/09/2025 |
|---|---|
| ADERSON FRANCOIS, DC Bar #498544 | Date |

*(pro hac vice)*
Civil Rights Clinic
Georgetown University Law Center
600 New Jersey Avenue NW, Suite 352
Washington, D.C. 20001
Tel.: 202-662-6721
E-mail: aderson.francois@georgetown.edu
*(Counsel for Plaintiff)*


| s/ Joshua Erlich | 09/09/2025 |
|---|---|
| JOSHUA ERLICH, VSB Bar #81298 | Date |

The Erlich Low Office PLLC
1550 Wilson Blvd., Suite 700
Arlington, VA 22209
Tel.: 703-791-9087
E-mail: jerlich@erlichlawoffice.com
*(Counsel for Plaintiff)*


| s/ Cristina E. Agee | 09/09/2025 |
|---|---|
| CRISTINA E. AGEE, VSB #89367 | Date |

Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street, Richmond, Virginia 23219
Tel.: 804-807-1807
E-mail: cagee@oag.state.va.us
*(Counsel for Named Defendants)*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 9, 2025, I served this document by email on counsel for Plaintiff.

/s/ Cristina E. Agee
Cristina E. Agee, VSB #89367
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Tel.: 804-807-1807
E-mail: cagee@oag.state.va.us
*(Counsel for Named Defendants)*
