CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
October 08, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| **JAEON CHAVIS,** | |
| Plaintiff, | Case No. 1:25CV00014 |
| v. | **OPINION AND ORDER** |
| **JORDAN MURRAY, ET AL.,** | JUDGE JAMES P. JONES |
| Defendant. | |

*Allison Black and Aderson Francois, GEORGETOWN UNIVERSITY LAW CENTER, CIVIL RIGHTS CLINIC, Washington, D.C., and Joshua Erlich, THE ERLICH LAW OFFICE, PLLC, Arlington, Virginia, for Plaintiff; Nathan H. Schnetzler, FRITH ANDERSON + PEAK, P.C., Roanoke, Virginia, for Defendants.*

The plaintiff, a state prison inmate, filed a Motion to Compel Discovery in this case on September 11, 2026. Dkt. No. 116. The defendants have filed a response, Dkt. No. 124, and a hearing took place on October 2, 2027. For the reasons that follow, I will deny the plaintiff's motion.

I.

The plaintiff's Amended Complaint, Dkt. No. 51, adds Matthew Bernocco, Statewide Canine Program Coordinator, and Rick White, Warden, as defendants. The plaintiff alleges that Bernocco and White are liable for the injuries he suffered from a canine-related incident at Red Onion State Prison in 2023 under a theory of supervisory liability. In May and August of 2026, the plaintiff deposed Bernocco

and other Virginia Department of Corrections (VDOC) officials. Trial is scheduled to begin on December 1, 2026. The present submission, which was served on July 22, 2026, is the plaintiff's third set of document requests. This submission contains the Plaintiff's Requests for Production (RFP) 15, 16, 17, 18, and 19:

> **RFP No. 15:** Produce all documents constituting or *in connection with* any database, log, register, or tracking system used by the [VDOC] recording *canine encounters or canine engagements* that occurred between 2018 and 2023.
>
> **RFP No. 16:** Produce all periodic reports, trend analyses, and statistical summaries *in connection with canine encounters* and *canine engagements* prepared, received, or maintained by [Bernocco] or [his] office between 2018 and 2023, including any that are broken down by facility, canine officer, or canine.
>
> **RFP No. 17:** Produce all documents reflecting injury data arising from *canine engagements* across the [VDOC] that occurred between 2018 and 2023.
>
> **RFP No. 18:** Produce all internal audits, inspections, reviews, and reports of the *canine program's* operations across the [VDOC] between 2018 and 2023.
>
> **RFP No. 19:** Produce all documents received or produced by [Bernocco] or [his] office *in connection with* any media inquiry concerning the *canine program* at the [VDOC] between 2021 and 2023.

Pl.'s Mot. Compel Ex. A, Pl.'s Req. Produc. 7, Dkt. No. 116-3.

II.

Under Federal Rule of Civil Procedure 26, parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A variety of factors may be considered, "including the importance, likely benefit, and potential burden or expense of the discovery requested." *Sagewater, LLC v. Hossfeld*, No. 1:23-cv-0770 (MSN/LRV), 2024 WL 3467740, at *3 (E.D. Va. May 3, 2024). Although Rule 26 should be construed broadly, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id.* (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

District courts have "wide latitude in controlling discovery." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986). "The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Id.* A district court's decision to grant or deny discovery "will not be overturned absent a showing of clear abuse of discretion." *Id.*

Here, I find the plaintiff's requests are not relevant or proportional to the needs of the case, especially considering the substantial discovery that has already been completed. The plaintiff claims that "incidents involving canines at any VDOC facility leading up to the events in this case are relevant to establishing a pattern of constitutional injuries and risks." Mem. Supp. Mot. Compel 9, Dkt. No. 116-1. However, canine use in prisons is not categorically unconstitutional. Although the plaintiff claims that the information is needed to make the supervisory liability claim

against defendant Bernocco, he fails to identify how the information connects to the claim: all previous instances of canine encounters and engagement[1] over a six-year period do not inform whether Bernocco was on notice of "a pervasive and unreasonable risk" of constitutional injury. *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984).

The plaintiffs argue that the requested documents are "relevant and may be highly probative of the Defendant Bernocco's knowledge of and deliberate indifference to misconduct by canine handlers across the state or pervasive risks of constitutional injury posed by VDOC's policies, procedures, and training." Mem. Supp. Mot. Compel 9, Dkt. No. 116-1. In response to this claim, the defendants point out that supervisory liability claims require identifying prior instances of *unconstitutional* conduct, which the plaintiff's discovery request is not targeted towards. Resp. Opp'n Mot. Compel 11, Dkt. No. 124.

I am inclined to agree with the defendants, as the plaintiff's broad discovery requests are not tailored to uncovering a pattern of constitutional violations. Although it is true, as the plaintiff contends, that a supervisory liability claim requires a showing that a supervisor failed to act in response to a widespread pattern

[1] "Encounters" and "engagements" are terms of art. An "encounter" is when a canine is simply present, and an "engagement" is when a canine bites an individual to assist with controlling that individual. Resp. Opp'n Mot. Compel 2, Dkt. No. 124.

of activity that risked constitutional injury, using a canine to control an inmate does not inherently pose that risk. Discovery related to all instances of canine encounters and engagement at all VDOC facilities is much too broad.

Maybe, if this case were about whether canine use in VDOC prisons was categorically unconstitutional, then broad discovery into all instances of canine use at VDOC facilities could be appropriate. At the hearing on the present motion, counsel for the plaintiff conceded that the plaintiff does not allege that any use of canines in prison is unconstitutional. Additionally, there is no evidence that denying the plaintiff's motion prevents him from "pursing a theory or entire cause of action," *Ardrey*, 798 F.2d at 682, as the plaintiff will still be able to pursue a supervisory liability theory without discovery on all instances of canine use across VDOC since 2018.

III.

Accordingly, it is **ORDERED** that the plaintiff's Motion to Compel is DENIED.

ENTER: October 8, 2026

/s/ JAMES P. JONES
Senior United States District Judge