**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
Abingdon Division

| | |
|---|---|
| JAEON CHAVIS,<br><br>*Plaintiff,*<br><br>v.<br><br>JORDAN MURRAY, et al.,<br><br>*Defendants.* | **Case No. 1:25-cv-14** |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS STUMPF, MURRAY, YATES, AND HOLLAND'S STATEMENT OF MATERIAL FACTS**

Plaintiff Jaeon Chavis ("Plaintiff" or "Mr. Chavis"), by and through counsel, hereby submits his Memorandum in Opposition to the Defendants' Motion to Strike the Plaintiff's Response to Defendants Tanner Stumpf, Jordan Murray, Alfred Yates, and Dustin Holland's Statement of Material Facts. ECF No. 145-1. The Plaintiff urges this Court to deny the Defendants' motion.

## INTRODUCTION

On September 29, 2026, Defendants Tanner Stumpf, Jordan Murray, Alfred Yates, and Dustin Holland moved for summary judgment. ECF No. 130. Their

motion contained ninety-three separate fact statements spanning around thirteen pages. ECF No. 130, at 2–14. On October 13, 2026, the Plaintiff filed his opposition brief, which totaled thirty pages. ECF No. 145. Attached to the opposition brief was a response to the Defendants' statement of material facts, which totaled twenty-three pages. ECF No. 145-1. The Defendants moved to strike the response to the statement of material facts on October 20, 2026, arguing that it violated the Court's September 11, 2025, Scheduling Order in addition to the Court's Local Rules. ECF No. 151.

Separately, Defendants Rick White and Matthew Bernocco moved for summary judgment on September 29, 2026. ECF No. 134. On October 13, 2026, the Plaintiff filed his opposition brief, which totaled twenty-one pages. ECF No. 148. Attached to the opposition brief was a response to the Defendants' statement of material facts, which totaled just over two pages. ECF No. 148-1. That statement included six facts. ECF No. 134, at 3. The Defendants did not move to strike this response to the statement of material facts.

The Defendants' motion is not worthy of merit. As an initial matter, motions to strike are not permitted against non-pleading filings like the Plaintiff's factual response. Still, that response to the Defendants' statement of material facts was properly filed with this Court. The Local Rules do not prohibit a party from filing a separate response to a statement of material facts with a memorandum of law in opposition to a motion for summary judgment. Indeed, practitioners before this

Court have previously followed this practice of filing a separate, responsive statement without issue. The Defendants have further failed to establish how they are prejudiced by the filing. As such, their motion to strike should be denied.

## LEGAL STANDARD

Courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on a party's motion. Fed. R. Civ. P. 12(f). "[A] motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." *Hardy v. Lewis Gale Med. Ctr., LLC*, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019) (internal citation omitted). As such, the procedure "places a substantial burden on the moving party," and meeting this burden generally "requires a showing that denial of the motion would prejudice the moving party." *Id.* (internal citations omitted). Though a motion to strike may be granted if the non-moving party violated the Local Rules, the Court maintains the "discretion to overlook that violation," *Dixon Lumber Co. v. Austinville Limestone Co.*, 256 F. Supp. 3d 658, 666 (W.D. Va. 2017) (internal citation omitted), and the "inherent powers" to determine the sanctions to be imposed, *RLI Ins. Co. v. Nexus Servs. Inc.*, No. 5:18-CV-00066, 2020 WL 13880399, at *2 (W.D. Va. Mar. 27, 2020) (internal citation omitted).

## ARGUMENT

### I. The Defendants' Motion Is Procedurally Barred

The Court should reject the Defendants' motion to strike as procedurally deficient. The Federal Rules do not enable a party to move to strike anything other than matters or defenses contained within "*a pleading*." Fed. R. Civ. P. 12(f) (emphasis added). Motions to strike a party's motions, briefs, or attachments thereto are improper. *See* 2 Moore's Federal Practice § 12.37 (2026) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."); Fed. R. Civ. P. 7 (generally distinguishing between pleadings and motions).

Courts in this Circuit regularly apply these principles to reject motions like the Defendants' that are improperly directed at non-pleading filings. *See CX Reinsurance Co. Ltd. v. Johnson*, 325 F.R.D. 132, 135 (D. Md. 2018) (denying a motion to strike arguments presented in a summary judgment motion); *CMA CGM S.A. v. Deckwell Sky (USA) Inc.*, 91 F. Supp. 3d 841, 852–53 (E.D. Va. 2015) (denying a motion to strike a declaration offered as an exhibit in support of a summary judgment motion); *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 541 (E.D.N.C. 2013) (denying a motion to strike a motion to dismiss and brief in support). Here, the Court should similarly deny the Defendants' motion to strike as procedurally barred by the Federal Rules of Civil Procedure.

## II. The Local Rules Do Not Prohibit the Filing of a Separate Response to the Defendants' Statement of Material Facts

This Court's Local Rules do not prohibit the practice employed by the Plaintiff to methodically and thoroughly respond to the Defendants' statement of facts in a separate attachment. Local Rule 56 does not state that a response to a statement of material facts must be included within the text of a memorandum of law in opposition to a motion for summary judgment. Instead, that rule provides that "[a]ny *motion* for summary judgment or any other *dispositive motion* must contain a separately captioned section setting forth with specificity the material facts claimed to be undisputed together with specific record citations in support thereof." W.D. Va. Civ. R. 56(b) (emphasis added).

The letter of the rule therefore makes clear that it applies only to dispositive motions—not to responsive briefs. *See* Fed. R. Civ. P. 7(b) (generally describing that a motion is a "request for a court order"). Considering the Local Rules as a whole further illustrates that the Court plainly distinguishes between motions and briefs, such that the express omission of any reference to a brief in Local Rule 56 is intentional. *See, e.g.*, W.D. Va. Civ. R. 11(c)(1) (addressing motions, responsive briefs, rebuttal briefs, reply briefs, and letter briefs). Because the Plaintiff's filing constituted a responsive brief and not a dispositive motion, Local Rule 56 does not govern the responsive statements filed in relation to such briefing. Any case law cited by the Defendants that interprets Local Rule 56 in the context of dispositive

motions is inapplicable because those interpretations do not demonstrate the permissible briefing process here.

The Defendants' cited precedent from the Eastern District of Virginia is further immaterial. In that Court, the applicable local rules explicitly require opposition briefs—not just motions—to contain a statement of facts. *See* E.D. Va. Civ. R. 56(b) ("A brief in response to such a motion [for summary judgment] shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute."). There is no parallel rule in the Western District prohibiting a non-moving party from filing a separate response to a statement of material facts in their opposition to a motion for summary judgment.[1]

Additionally, the Plaintiff's filings comply with the page length requirements set forth in the Court's scheduling order. The scheduling order entered for this case on September 11, 2025, states that "[e]xcept for good cause shown, no brief or

[1] The Defendants additionally cite to a case from the Middle District of North Carolina that is similarly immaterial because that Court's local rules also addressed responsive briefing. *See Volumetrics Med. Imaging, Inc. v. ATL Ultrasound, Inc.*, 243 F. Supp. 2d 386, 398 (M.D.N.C. 2003) ("Local Rules 56.1(c) and 7.3(d) provide that responsive briefs on motions for summary judgment are limited to twenty (20) pages. Local Rule 56.1(e) provides that a responsive brief should set out 'the specific, authenticated facts existing in the record or set forth in accompanying affidavits that would be sufficient to support a jury finding of the existence of the disputed elements.'").

motion may exceed 30 pages, double-spaced, in 14-point type or larger." ECF No. 63 ¶ 4. The brief filed by the Plaintiff was thirty pages in length. There was thus no violation. In sum, the motion to strike should be denied because filing a separate response to the Defendants' statement of material facts is not prohibited by Local Rule 56, and because the Plaintiff did not violate the scheduling order.

## III. The Plaintiff's Filing of a Separate Response to the Defendants' Statement of Material Facts Accords with the Broad Practice of Practitioners in the Western District of Virginia

The propriety of the Plaintiff's briefing and impropriety of the Defendants' motion to strike is further illustrated by the general practice of parties in this district. Practitioners before this Court have often filed a separate response to a movant's statement of material facts with their memoranda of law in opposition to a motion for summary judgment. *See, e.g.*, *Aimbridge Hosp., LLC v. Provident Grp. – Radford Props, LLC*, No. 7:24-cv-00262-TTC-JCH, ECF No. 57-7 (W.D. Va. 2026) (filing a separate response to the movant's statement of facts); *Kovari v. Brevard Extraditions, LLC*, No. 5:18-cv-00070-MFU-JCH, ECF No. 129-1 (W.D. Va. 2019) (same); *EEOC v. Appalachian Power Co.*, No. 1:18-cv-00035-JPJ-PMS, ECF No. 44-1 (W.D. Va. 2019) (filing a separate statement of additional material facts). In preparing to file the responsive statements, the Plaintiff's counsel reviewed this practice prior to filing his separate, responsive statement to ensure permissible procedures were followed. In none of these cases was any issue posed by the separate

filing of a responsive statement of facts, generally affirming the plain reading of the Local Rules outlined above.

The case referenced by the Defendants in which the Court granted a motion to strike a statement of undisputed facts filed separately with an opposition brief is inapposite. There, the Court granted a motion to strike an exhibit titled "Plaintiff's Comments Regarding Defendant's 'Statement of Undisputed Facts'" that was filed with the non-movant's opposition to a motion for summary judgment. *See Miller v. Mediko Inc.*, No. 5:20-CV-0003, 2021 WL 4026085, at *6 (W.D. Va. Sep. 3, 2021). But this case is distinguishable. The Court focused on the fact that both parties received leave to file an additional ten pages with their briefs, and the non-moving party nevertheless filed a separate responsive statement, signaling "an impermissible attempt to expand the briefing page limitations." *Id.* at *6.

The Plaintiff did no such thing: he did not move to extend the briefing permitted in the scheduling order, and he did not evince an attempt to circumvent the requirements of the scheduling order. By contrast, the Plaintiff filed a separate response to ensure that the Court could review a more fulsome and accurate record in ruling on the motion for summary judgment. Indicative of the belief that was the proper, efficient practice for summary judgment in this Court, the Plaintiff did the same in his opposition to Defendants Rick White and Matthew Bernocco's motion for summary judgment. ECF No. 148-1. Lastly, it bears noting that the Court in

*Mediko* never addressed the Local Rules in its decision nor indicated that there is a prohibition on filing a separate response to a statement of material facts.

In sum, there is no clearly established practice in the Western District that prohibits non-moving parties from filing a separate statement of material facts with an opposition brief. Nor have the Defendants demonstrated any such prohibition in their motion. As such, the motion to strike should be denied.

## IV. The Defendants Are Not Prejudiced by the Filing of a Separate Response to Their Statement of Material Facts

The Defendants have not established that they suffered any prejudice—as required to succeed on a motion to strike—from the Plaintiff's challenged practice. The Defendants argue they were prejudiced because they did not have sufficient time to file a reply. ECF No. 151 ¶ 16 ("It would be unduly prejudicial to Defendants to allow Plaintiff an extra 23 pages – in addition to the 20 extra pages already obtained [for the Plaintiff's motion for partial summary judgment, ECF No. 123] – to present facts and argument to the Court, when Defendants had just seven days to file a reply after service of the opposition."). If the Defendants were concerned about having sufficient time to respond, then they could have filed a motion to extend. But they did not do so.[2]

[2] If the Court found that the present matter warrants any response, it of course could more narrowly address the issue the Defendants raise by granting them an additional opportunity to reply to the Plaintiff's factual responses. Such a remedy would avoid

Regardless, it is not clear that the length of the Plaintiff's responses to the Defendants' statements of facts would require any more of them. Such responses do not, in normal procedure, require a reply. Rather, the Defendants were solely responsible for responding to the Plaintiff's supplemental statement of undisputed facts, which were contained in the brief itself and were only two pages and twelve paragraphs. ECF No. 145, at 2–4.

The Defendants bear the burden of proof, but they have not meaningfully explained how they have suffered any prejudice that would warrant granting their motion to strike. And even if a rule was violated, the Court should use its discretion not to impose the extraordinary remedy of striking the separate statement in its entirety. *See RLI Ins. Co. v. Nexus Servs. Inc.*, No. 5:18-CV-00066, 2020 WL 13880399, at *1–2 (W.D. Va. Mar. 27, 2020) (declining to strike a "summary judgment motion, supplemental statement of undisputed facts, and exhibits" despite finding a violation of Local Rules 11(c)(1) and 56(b) due to the "time sensitivity" and "procedural posture" of the case). Given the severity of the Defendants' request, the lack of any prejudice here, the imminency of trial in five weeks' time, and the interest of the Court in ruling on the merits of the case, the Court should reject the motion—or, at the very least, craft a narrower form of relief. *See id.*; Fed. R. Civ.

---

the drastic resort of striking the entirety of the Plaintiff's responsive statements and better aid a ruling on the merits of the pending dispositive motions.

P. 1 ("[The Federal Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendants' motion to strike as procedurally barred and unwarranted. If the Court finds that the separately-filed response to the statement of material facts is prejudicial to the Defendants, the Plaintiff respectfully requests the Court craft a narrower remedy to cure any such prejudice, including by giving the Plaintiff an opportunity to file an amended brief reasserting the factual responses in whatever form the Court finds proper.

Dated: October 28, 2026

Respectfully submitted,

/s/ *Allison Black*
Allison Black (D.C. Bar No. 90042731)
Aderson Francois (D.C. Bar No. 498544)
Caroline Lanteri (student admission)
Emma Marszalek (student admission)
Grace Pender (student admission)
Mikaylah Ladue (student admission)
Paul Leech (student admission)
GEORGETOWN UNIVERSITY LAW CENTER, CIVIL RIGHTS CLINIC
600 New Jersey Ave. NW, Suite 352

Washington, D.C. 20001
Tel: (402) 730-2301
allison.black@georgetown.edu
aderson.francois@georgetown.edu

/s/ *Joshua Erlich*
Joshua Erlich (VSB No. 81298)
THE ERLICH LAW OFFICE, PLLC
1550 Wilson Blvd. #700
Arlington, VA 22209
Tel: (701) 791-9087
Fax: (701) 722-8114
Email: jerlich@erlichlawoffice.com

***Counsel for Plaintiff Jaeon Chavis***

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide copies to all counsel of record.

*/s/ Allison Black*
Allison Black